

1 LEONARDO M. RAPADAS
United States Attorney
2 KRISTIN D. ST. PETER
Special Assistant U.S. Attorney
3 Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
4 Hagåtña, Guam 96910
PHONE: (671) 472-7332
5 FAX: (671) 472-7334

6 Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

SEP 24 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. **07-00092** |
| Plaintiff, | **COMPLAINT** |
| vs. | **FALSE ALARMS** (Count I)<br>[9 GCA § 55.20; 18 U.S.C. §§ 7(3) & 13]<br>**UNLAWFUL ENTRY** (Count II) |
| RICARDO UNPINGCO PALOMO, JR., | [18 USC § 1382]<br>**DISORDERLY CONDUCT** (Count III) |
| Defendant. | [9 GCA § 61.15 (a); 18 U.S.C. §§ 7(3) & 13] |

THE UNDERSIGNED COMPLAINT CHARGES UPON INFORMATION AND BELIEF THAT:

### COUNT I - FALSE ALARMS

On or about September 22, 2007, in the District of Guam, the defendant, RICARDO UNPINGCO PALOMO, JR., went upon a United States military reservation, namely Andersen Air Force Base, and with intent to harass another engaged in a course of alarming conduct, to wit: handing an Andersen Air Force Base security guard a suspicious package containing a 1-liter propane tank with a watch attached, which act resulted in an immediate response by Andersen Air Force Base Security Forces in violation of Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13.

//

1

## COUNT II - UNLAWFUL ENTRY

On or about September 22, 2007, in the District of Guam, the defendant, RICARDO UNPINGCO PALOMO, JR., went upon a United States military reservation, namely Andersen Air Force Base, for a purpose prohibited by law, that is, in violation of Title 9, Guam Code Annotated, Section 61.15(a)(1), Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13, all in violation of Title18, United States Code, Section1382.

## COUNT III - DISORDERLY CONDUCT

On or about September 22, 2007, in the District of Guam, the defendant, RICARDO UNPINGCO PALOMO, JR., went upon a United States military reservation, namely Andersen Air Force Base, and with the intent to cause public inconvenience, annoyance or alarm , or recklessly creating a risk thereof, did create a hazardous or physically offensive condition by an act which serves no legitimate purpose, to wit: handing an Andersen Air Force Base security guard a suspicious package containing a 1-liter propane tank with a watch attached, which act resulted in an immediate response by Andersen Air Force Base Security Forces in violation of Title 9, Guam Code Annotated, Section 61.15(a)(1) and Title 18, United States Code, Sections 7(3) and 13.

COMPLAINT FURTHER STATES:

My name is Reyes Ramirez and I am a Special Agent with the United States Air Force Office of Special Investigations (AFOSI). In that capacity, I attest to the following:

1. On September 22, 2007, at approximately 11:00 a.m., Special Agent Roland Perault, Duty Agent, Detachment (Det.) 602, AFOSI, Andersen Air Force Base (AAFB), Guam, received a phone call from Sgt. A. Ortega, Law Enforcement Desk, 36th Security Force Squadron (SFS), of a suspicious package that contained a propane bottle, a wire, and a watch attached to it at AAFB main gate. SA Perault also stated an unknown individual, later identified as RICARDO UNPINGCO PALOMO. JR. (Hereinafter PALOMO), was apprehended with the Guam Police

1 | Department on site. SA Perault then proceeded to contact Affiant. Upon my arrival at the entry
2 | control that was established by 36th SFS, I observed a 1000ft cordon was set up from the main
3 | gate. Initial information obtained indicated PALOMO drove up to the main gate in a Toyota
4 | pickup truck and handed what appeared to be an improvised explosive device to Civ. Lucio
5 | Iglesias, 36th SFS. PALOMO then stated "this is for you," Civ. Iglesias proceeded to place the
6 | device in the bed of the truck, took PALOMO out of the truck and placed him on the ground and
7 | secured him. Civ. Iglesias, Civ. Mendiola and Civ. Castro, 36th SFS, took PALOMO to the
8 | Visitor Center parking lot and turned him over to 36th Security Forces Squadron. 36th Explosive
9 | Ordinance Disposal (EOD) arrived on scene. At approximately 12:10 p.m. EOD personnel
10 | determined it was not an explosive device and concluded the area was safe to enter.

    2. The following items were collected and seized as evidence: one red gas can, one green quart-size propane tank, one wrist watch, and one crumpled sheet of paper with the letters "for bag dad" on one side. Affiant's initial observation of the device was at the gate house with all its components separated. The propane tank, watch and gas can were lined up on the pavement next to the gate house. The paper was held down by an inspection tool to prevent it from blowing away from the scene. After EOD personnel completed its task, SFS K-9 explosive and narcotics dogs were also used to conduct a search of the vehicle. In addition, Affiant conducted a search of the vehicle with negative results. Upon inspection of the device, Affiant observed there was no wire attached to it. SA Lucio could not recall where or how the paper was used. SFS transported PALOMO to Guam Memorial Hospital since he complained of feeling sick. While at the hospital, it was determined by Affiant and SA Bult, 36th SFS, that PALOMO be read his rights and he requested legal counsel.

//
//
//
//

3. A psychological evaluation was done at the hospital which they indicated PALOMO hears voices in his head but that it wasn't enough to admit him. PALOMO's vehicle was impounded by 36th SFS.

DATED this 24th day of September 2007.

_____
REYES RAMIREZ
Special Agent
Air Force Office of Special Investigations

SUBSCRIBED AND SWORN TO before me on this 24th day of September 2007.

_____
JOAQUIN V.E. MANIBUSAN, JR.
U.S. Magistrate Judge
District Court of Guam

4