

LEONARDO M. RAPADAS
United States Attorney
KURT E. GRUNAWALT
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00092 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| RICARDO UNPINGCO PALOMO, JR., | |
| Defendant. | |

Pursuant to Rule 11 (c)(1)(B), the UNITED STATES and the defendant, RICARDO UNPINGCO PALOMO, JR., enter into the following plea agreement;

1. The defendant, RICHARDO UNPINGO PALOMA. JR., agrees to enter a guilty plea to a Complaint charging him with Causing a False Alarm of an Emergency, in violation of Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13; Counts II and III of the Complaint will be dismissed after sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Causing a False Alarm of an Emergency, in violation of Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13, as a Class A misdemeanor as specified in 18 U.S.C. Section 3559, is imprisonment for not more than one year and a maximum fine of $100,000.00, together with any restitution as the court may order, and a $25 special assessment fee as set forth in 18 U.S.C. Section 3013. Any sentence of incarceration may include a term of supervised release of


not more than one year as set forth in 18 U.S.C. Section 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the defendant up to an additional term of not more than one year. The $25 special assessment fee must be paid upon sentencing. The government will recommend that the defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

If the defendant is financially unable to immediately pay the fine in full, the defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OMB-500) for purposes of fixing a monthly payment schedule. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Causing a False Alarm of an Emergency, in violation of Title 9, Guam Code Annotated, Section 55.20 and Title 18, United States Code, Sections 7(3) and 13, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant caused an alarm of an emergency to be transmitted to an organization that responds to emergencies involving danger to life and property.

Second, that the said alarm of an emergency was false; and

Third, that, at the time he caused the false alarm, the defendant knew the alarm to be false.

4. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the Defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1978, and is a citizen of the United States.

b. On or about September 22, 2007, in the vicinity of main gate of Andersen Air Force

2

Base, in the District of Guam, the defendant, RICARDO UNPINGCO PALOMO, JR., did, with knowledge of its falsity, cause a false alarm of an emergency by presenting a package made to resemble a homemade explosive device to an Air Force base security guard in violation of Title 9, Guam Code Annotated, Section 55.20. The package consisted of a one liter propane bottle with a watch attached. Explosive Ordnance Disposal personnel responded and determined the package did not contain any explosive material.

5. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

6. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case.

7. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under

3

oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

 f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

 g. That he reads, writes and speaks the English language and has no need for an interpreter;

 h. That he has read the plea agreement and understands it; and

 i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 6/16/08

RICARDO UNPINGCO PALOMO, JR.
Defendant

DATED: 6/16/08

RICHARD P. ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 6/17/08   By:

KURT E. GRUNAWALT
Special Assistant U.S. Attorney

DATED: _____

JEFFREY A. STRAND
First Assistant United States Attorney

4